UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAMANTHIA DENNEY,

    Plaintiff,

vs.                                        Case No.:

SMART RX SYSTEMS, INC.,
A Florida Profit Corporation

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SAMANTHIA DENNEY, brings this action against Defendant, SMART RX SYSTEMS, INC. for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., 42 U.S.C. §1981 and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA").

**PARTIES**

1. Plaintiff is a citizen and resident of Lake County, Florida. She is a former employee of Defendant.

2. Defendant, SMART RX SYSTEMS, INC., is a Florida profit corporation.

3. Plaintiff performed work for Defendant at its Clermont, Florida location.

**JURISDICTION AND VENUE**

4. Plaintiff brings this action for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42

U.S.C. §1981a (collectively "Title VII"), the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., 42 U.S.C. §1981 and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA").

5. This Court has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper under 28 U.S.C. § 1391. These claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

## EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

6. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

7. On April 14, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as Exhibit A.

8. On October 26, 2020, the EEOC issued a notice of right to sue attached hereto and marked as Exhibit B.

9. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

10. Accordingly, Plaintiff has exhausted all administrative requirements set forth by Title VII and the FCRA.

## FACTS

11. Plaintiff started working for Defendant on approximately July 5, 2018.

12. Plaintiff's position with Defendant was a Compound Pharmacy Technician.

13. Plaintiff is a female.

14. In November 2019, Ms. Denney was given a performance evaluation and was told that she was doing a great job and was given no warnings about any deficiencies in her performance.

15. Ms. Denney was also told that Smart Rx appreciated her patience and willingness to teach everyone.

16. Ms. Denney received a pay increase before her evaluation in November 2019.

17. Smart Rx thought so highly of Ms. Denney's performance that it agreed to give her even more money after she asked for it.

18. After her positive performance evaluation, in or about November 2019, Plaintiff discovered she was pregnant.

19. Upon this discovery, Plaintiff spoke to a Company pharmacist to discuss which medications it was safe for her to be around and handle due to her pregnancy.

20. By the first week of December 2019, Ms. Denney told everyone she worked with that she was pregnant because she could not compound anymore or be around those medications.

21. On or about January 30, 2020, Ms. Denney left work to attend an **emergency** doctor's appointment related to her pregnancy.

22. In fact, Ms. Denney started to bleed due to her pregnancy.

23. This doctor's appointment, like others before it, had been approved by Smart Rx.

24. As Ms. Denney started walking to her car, she was called back in by management.

25. Shockingly, Ms. Denney was suddenly fired on the spot.

**COUNT I – GENDER DISCRIMINATION IN VIOLATION OF TITLE VII**

26. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 25.

27. Based on the conduct described in this Complaint, Defendant is liable for gender-based discrimination in violation of Title VII.

28. Defendant's conduct constitutes unlawful disregard and indifference to Plaintiff.

29. Defendant's conduct harmed and caused damage to Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, demands judgment against the Defendant and requests this Court award damages including:

a. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. Compensatory damages;

e. Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. Prejudgment interest, and, if applicable, post-judgment interest;

g. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to the Title VII; and

h. Provide any additional relief that this Court deems just.

## COUNT II - PREGNANCY DISCRIMINATION ACT, TITLE VII

30. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 25.

31. Based on the conduct described in this Complaint, Defendant is liable for discrimination in violation of the Pregnancy Discrimination Act.

32. Defendant's conduct constitutes unlawful disregard and indifference to Plaintiff.

33. Defendant's conduct harmed and caused damage to Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant and requests this Court award damages including:

a. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. Compensatory damages;

e. Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. Prejudgment interest, and, if applicable, post-judgment interest;

g. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to the Title VII; and

h. Provide any additional relief that this Court deems just.

## COUNT III - GENDER DISCRIMINATION IN VIOLATION OF FCRA

34. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 25.

35. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

36. Plaintiff is a member of a protected class because she is a female.

37. Defendant knew that Plaintiff is a female at all time periods at-issue.

38. At all material times, Plaintiff was qualified to perform her job duties.

39. Defendant terminated Plaintiff because of her gender and accommodation requests related to her pregnancy.

40. Defendant terminated Plaintiff because of her gender/pregnancy.

41. Plaintiff's gender/pregnancy was a motivating factor that prompted Defendant to terminate Plaintiff.

42. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under FCRA because it treated Plaintiff less favorably because of her gender/pregnancy.

43. Defendant did not subject the male or non-pregnant employees to discriminatory treatment.

44. Plaintiff suffered an adverse employment action when she was terminated.

45. The discrimination to which Plaintiff was subjected was based on her gender/pregnancy.

46. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

47. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

48. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

49. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

50. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, demands judgment against the Defendant and requests this Court award damages including:

a. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

b. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. Compensatory damages;

e. Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. Prejudgment interest, and, if applicable, post-judgment interest;

g. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to the FCRA; and

h.        Provide any additional relief that this Court deems just.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this __7th__ day of January, 2021.

Respectfully submitted,

**/s/ CARLOS LEACH**
Carlos Leach, Esq.
FBN 0540021
Trial Counsel for Plaintiff
The Leach Firm, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email:  CLeach@theleachfirm.com